DAWN MARIE MAGIERA, Appellant, v.
DAVID LUERA, Respondent.

No. 21133

November 28, 1990                                    802 P.2d 6

*Thorndal, Backus, Maupin & Armstrong,* and *Ginger R. James,* Las Vegas, for Appellant.

*Samuel S. Anter,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court requiring that the surname of appellant's minor child be changed.

On November 27, 1986, Dawn Marie Magiera gave birth to a baby daughter. David Luera, the father of the child, acknowledged his paternity and signed the birth certificate. Magiera and Luera were not and have never been married. The surname given to the child that was reflected on the birth certificate was Magiera.

On April 2, 1987, Magiera petitioned the district court to require Luera to pay child support. On July 24, 1987, following the recommendation of a domestic relations referee, the district court ordered Luera to pay Magiera child support in the amount of $175.00 per month. Luera did not remain current on his child support payments and, on January 6, 1988, Magiera petitioned the district court to reduce the arrearages to judgment. On February 4, 1988, the district court raised Luera's child support obligation to $207.00 per month, and ordered Luera to pay an additional $23.00 per month toward the $700.00 arrearage for past support owed to Magiera. On November 27, 1989, Luera sought visitation privileges with the child. The referee recommended that Luera be allowed visitation rights. During all of these proceedings, Luera never suggested that the child's surname should be changed to Luera.

On December 20, 1989, at a hearing before the referee, counsel for Luera orally requested that the child's surname be changed to Luera. Counsel for Luera contended that because Luera had been ordered to pay child support, the child should bear his name.

On January 22, 1990, another hearing was held before the referee. Luera was represented by counsel; Magiera appeared in proper person. Issues of visitation rights were discussed, and the referee again concluded that Luera should continue to pay child support. Counsel for Luera argued that because Luera was required to make child support payments, the child should bear Luera's name. Neither party offered any argument to the referee concerning the interests of the child. The referee recommended that the child's surname should be changed to Luera.

On January 25, 1990, at a hearing before the district court, Magiera contested the referee's recommendation that the child's surname be changed to Luera. Magiera was represented by counsel who appeared *pro bono* and had been retained on the day prior to the hearing. Counsel represented to the court that she had not had sufficient time to fully research the issue, but that preliminary

research indicated that a child's surname should not be changed based on the interests of the father alone. Nevertheless, the district court adopted the recommendation of the referee on the sole ground that, "because the father was making child support payments, he deserved a 'tangible benefit' for providing financial support for the child." Thus, the district court ordered the surname of the child changed to Luera.

Magiera sought a stay of the district court's order. At a hearing, counsel for Magiera asked the district court, in order to clarify the record, whether it was true that the sole ground on which the district court relied for ordering the surname change was to provide the father with a tangible benefit from his child support payments. In response, the district court stated: "Well, that was a factor. The fact that he's a father, I think, has something to do with it as well." The district court denied the requested stay on the ground that the name change was a matter of discretion, making the likelihood of success on appeal slight. This appeal followed.

The father of a child has a legal duty to support his child. NRS 125B.020. The father is entitled to no "tangible benefit" for fulfilling this responsibility. The father has no greater right than the mother to have a child bear his surname. *See, e.g.,* Laks v. Laks, 540 P.2d 1277 (Ariz.Ct.App. 1975); In Re Marriage of Schiffman, 620 P.2d 579 (Cal. 1980); Application of Rossell by Yacono, 481 A.2d 602 (N.J.Super.Ct. Law Div. 1984). Instead, the only factor relevant to the determination of what surname a child should bear is the best interest of the child. *See Schiffman,* 620 P.2d at 583; Jacobs v. Jacobs, 309 N.W.2d 303 (Minn. 1981). Finally, the burden is on the party seeking the name change to prove, by clear and compelling evidence, that the substantial welfare of the child necessitates a name change. *See, e.g.,* Robinson v. Hansel, 223 N.W.2d 138 (Minn. 1974); Collinsworth v. O'Connell, 508 So.2d 744 (Fla.Dist.Ct.App. 1987).

When judged by this standard, it is apparent that the district court's order cannot stand. At no time did the district court consider the interests of the child in this matter. No evidence was presented tending to suggest, let alone prove by clear and compelling evidence, that it would be in the interest of the child to have her surname changed.

Further, the record demonstrates that it would not be in the child's best interest to bear her father's surname. The child has lived exclusively in the custody of her mother using her mother's surname for more than three years, and will continue in the

primary custody of her mother. When a child bears a surname different from the surname of the parent with whom the child lives, the child may experience confusion about her identity, difficulties in school and society, and embarrassment among friends. Changing the child's surname might adversely affect the child's relationship with her mother. These consequences are surely not warranted at the request of a father who did not even support his child until a court ordered his wages garnished. Under the circumstances of this case, the district court erred in ordering the child's surname changed.

Accordingly, we reverse that portion of the district court's order that requires the surname of appellant's child to be changed.