671 N.W.2d 466 (2003)
In re the NAME CHANGE OF Logan Jon REINDL, a Minor Child.
Jessica Lynn Benjegerdes, Appellant,
v.
Joshua Reindl, Appellee.
No. 02-1322.
Supreme Court of Iowa.
November 13, 2003.
*467 Michael G. Byrne of Winston & Byrne, P.C., Mason City, for appellant.
Douglas Krull, Northwood, for appellee.
TERNUS, Justice.
The appellant, Jessica Benjegerdes, appeals the district court's denial of her request to change the surname of her minor child, Logan Reindl. The trial court refused to order the name change because the biological father of the child, appellee, Joshua Reindl, objected. Because we conclude that Joshua's consent is not required under Iowa Code section 674.6 (2001), we reverse.

I. Background Facts and Proceedings.

Jessica Benjegerdes and Joshua Reindl are the natural parents of Logan Reindl, born on December 18, 2000. Jessica and Joshua have never been married. Consequently, at the time of Logan's birth, only Jessica was named on the birth certificate as Logan's parent. Pursuant to Iowa Code section 144.13(3), Jessica was prohibited from naming Logan's father on the certificate because there had not been a *468 determination of paternity under Iowa Code section 252A.3.[1]
At the time of Logan's birth, Jessica harbored the hope that she and Joshua would marry. Consequently, she gave Logan his father's last name. Although Jessica, Joshua, and Logan lived together with Joshua's parents for a few months after Logan's birth, the couple eventually separated. Jessica has provided for Logan's support since that time. Until a few months before the name-change petition was filed, Joshua provided some assistance by buying baby formula, baby food, and diapers.
In June 2002 Jessica filed a petition for change of name, seeking to have Logan's last name changed from "Reindl" to "Benjegerdes." She stated in her petition that a name change was in Logan's best interest because he resided with his mother "and having a different last name will cause difficulty for the child in social relationships and development." At the hearing subsequently held on her petition, Jessica testified that she grew up with a name different from other family members in her household and "it was hard" to answer questions from outsiders about "whose child [she was]." She did not want her son to suffer through the "social confusion" caused by having a last name different from her last name.
Although Jessica acknowledged in her petition that Joshua was Logan's father, she attached a copy of Logan's birth certificate showing that Joshua was not named as the child's father on the certificate. She asserted, therefore, that Joshua's consent was not required, relying on Iowa Code section 674.6. That statute provides:
If the petition [for name change] includes or is filed on behalf of a minor child under fourteen, both parents as stated on the birth certificate of the minor child shall file their written consent to the name change. If one of the parents does not consent to the name change, a hearing shall be set on the petition on twenty days' notice to the nonconsenting parent pursuant to the rules of civil procedure. At the hearing the court may waive the requirement of consent as to one of the parties if it finds:
1. That the parent has abandoned the child;
2. That the parent has been ordered to contribute to the support of the child or to financially aid in the child's birth and has failed to do so without good cause; or
3. That the parent does not object to the name change after having been given due and proper notice.
Iowa Code § 674.6 (emphasis added).
Notwithstanding her contention that Joshua's consent was unnecessary, Jessica served him with the petition. Joshua answered, resisting the name change. He claimed that to the best of his knowledge he was named as the father on Logan's *469 birth certificate, and if he was not named on the birth certificate, it was due to the actions of Jessica. At the hearing on the petition Joshua testified that he had asked Jessica to include him on Logan's birth certificate but she had informed him that it was his responsibility to accomplish this. He acknowledged that he had never investigated what he needed to do, nor taken any other steps to have his name recorded on the birth certificate as Logan's father, even after having received notice of the name-change petition.
In the trial court's subsequent ruling, the court rejected Jessica's assertion that Joshua's consent was not required under section 674.6. The court stated it disagreed with "this strict interpretation" because it contradicted the "general intent" of section 674.6 that there be a hearing if one parent does not consent to determine whether the requirement for that parent's consent should be waived. The court then considered whether any of the circumstances listed in section 674.6 as a basis for waiving consent existed. Finding they did not, the court denied the petition for name change based on Joshua's objection.
Jessica filed a notice of appeal, which brings the matter before our court. We review this equity case de novo. See In re the Name Change of Quirk, 504 N.W.2d 879, 881 (Iowa 1993); In re Name of Staros, 280 N.W.2d 409, 410 (Iowa 1979).

II. Discussion.

The only issue on appeal is whether the district court correctly interpreted section 674.6 in requiring Joshua's consent to the name change notwithstanding he was not named on the birth certificate as Logan's father. We apply well-established rules of statutory construction in deciding this issue:
Our ultimate goal in interpreting statutes is to discover the true intention of the legislature. In searching for legislative intent, we consider not only the language of the statute, but also its subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences for various interpretations....
....
We do not search for meaning beyond the express terms of a statute when the statute is plain and its meaning is clear. We resort to rules of statutory construction only when the explicit terms of a statute are ambiguous. "A statute is ambiguous if reasonable minds could differ or be uncertain as to the meaning of the statute."
State v. Albrecht, 657 N.W.2d 474, 479 (Iowa 2003) (citations omitted). As these rules indicate, this court must apply the law as it was written by the legislature and so we adhere to the rule that we are guided "by what the legislature said, rather than what it should or might have said." Consol. Freightways Corp. v. Nicholas, 258 Iowa 115, 124, 137 N.W.2d 900, 906 (1965).
With these principles in mind, we have no difficulty in concluding that Joshua's consent to Logan's name change was not necessary under section 674.6. The legislature specifically limited the required consent to "parents as stated on the birth certificate." To allow parents who are not named on the birth certificate to object would be tantamount to reading the language, "as stated on the birth certificate," out of the statute. See Am. Legion v. Cedar Rapids Bd. of Review, 646 N.W.2d 433, 439 (Iowa 2002) (stating court will not interpret a statute in a way that makes any portion of it superfluous).
*470 Moreover, we think limiting parental consent to parents listed on the birth certificate is consistent with the summary nature of a name change proceeding. Chapter 674 anticipates that ordinarily a name change will be granted without hearing any time after thirty days from the filing of the petition. See Iowa Code § 674.4. To inject paternity disputes into this process changes the nature and complexity of the entire proceeding. In addition, the only hearing contemplated under chapter 674 is one to determine whether the requirement of parental consent should be waived. See id. § 674.6. There is no similar provision for a hearing to determine paternity.
Although the trial court concluded it was contradictory to provide for a hearing to determine whether the consent requirement should be waived for one of the parents and yet conclude that the objection of the child's acknowledged parent was inconsequential, we find no incongruity in this statutory scheme. The legislature may well have believed that a father who had not made the effort to be listed on the birth certificate, thereby avoiding responsibility for the financial support of his child, should not be allowed to play a role in choosing the child's name. Similarly, the legislature may have thought that a parent who has abandoned his child or failed to pay ordered support likewise has no right to participate in naming the child even though he is listed on the child's birth certificate. Parents in these two situations are actually quite similar in that neither has shouldered the responsibility of being a parent so as to earn the rights associated with that position. Thus, the legislature's decision to limit the necessity of consent to those parents listed on the birth certificate is very consistent with the overall approach taken by the legislature in defining the rights of parents under this statute. We conclude, therefore, that only the consent of parents who are named on the child's birth certificate is needed to change the child's name.

III. Conclusion and Disposition.

Joshua's consent to the requested name change was not required under section 674.6 because he was not recorded as Logan's father on Logan's birth certificate. The district court erred in ruling otherwise.
In view of this conclusion, we reverse the district court's ruling and remand this case for entry of an order granting the requested name change.
REVERSED AND REMANDED WITH DIRECTIONS.
All justices concur except WIGGINS, J., who takes no part.
NOTES
[1] Iowa Code section 144.13(3) provides in pertinent part:

If the mother was not married at the time of conception, birth, and at anytime during the period between conception and birth, the name of the father shall not be entered on the certificate of birth, unless a determination of paternity has been made pursuant to section 252A.3, in which case the name of the father as established shall be entered by the department [of public health].
Section 252A.3 sets forth four alternative methods for establishing paternity. See Iowa Code § 252A.3(8). Once one of these alternatives has been satisfied, the father's name can be added to the birth certificate by the department of health. See id. § 144.13(3). The establishment of paternity also has the consequence of making the father "severally liable for the support of the child." Id. § 252A.3(8).