133 Nev., Advance Opinion 15

IN THE SUPREME COURT OF THE STATE OF NEVADA

PAIGE ELIZABETH PETIT,
Appellant,
vs.
KEVIN DANIEL ADRIANZEN,
Respondent.

No. 66565

**FILED**

APR 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a decree of divorce regarding the surname of the parties' child. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

*Affirmed.*

Law Office of Telia U. Williams and Telia U. Williams, Las Vegas,
for Appellant.

Pecos Law Group and Shann D. Winesett and Bruce I. Shapiro, Henderson,
for Respondent.

BEFORE THE COURT EN BANC.[1]

[1]The Honorable Lidia Stiglich, Justice, did not participate in the decision of this matter.

 

17-12191

*OPINION*

By the Court, HARDESTY, J.:

In this appeal we consider, as a matter of first impression, the standard of proof to be applied by district courts in resolving initial naming disputes for a child of married parents. Because neither married parent should have the burden of proof in an initial naming dispute, the focus should be on the best interests of their child. In the matter before us, the district court determined that the child's name should be hyphenated to include both parents' surnames, and in doing so, considered the best interests of the child. We thus affirm.[2]

## *FACTS AND PROCEDURAL HISTORY*

Following their marriage, appellant Paige Elizabeth Petit and respondent Kevin Daniel Adrianzen had a child. Before their child's birth, the parties agreed on the child's first and middle names but disagreed on the child's surname. The parties were estranged when their child was born, and Petit gave the child her surname.

Two months after the birth of their child, Adrianzen filed a complaint for divorce and petitioned to change the child's surname to Adrianzen. The complaint for divorce and petition were consolidated, and an evidentiary hearing was held. After reasoning that it was in the child's

---

[2]Petit also challenges the constitutionality of NRS 440.280(6)(c), which instructs on how a child's surname is to appear on the original birth certificate when both mother and father voluntarily acknowledge paternity. However, because this issue was not raised before the district court, we do not consider it here. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

(O) 1947A

best interest to have a surname that allowed the child to identify with both parents, the district court ordered that the child's surname be changed to Petit-Adrianzen. This appeal followed.

## DISCUSSION

Petit argues that the district court abused its discretion by using an incorrect standard of proof in deciding to change the child's surname. Whether a district court used the proper standard of proof is a legal question we review de novo. *Matter of Halverson*, 123 Nev. 493, 509, 169 P.3d 1161, 1172 (2007). And we review a district court's findings of a child's best interest for an abuse of discretion. *Flynn v. Flynn*, 120 Nev. 436, 440, 92 P.3d 1224, 1227 (2004).

Generally, there are two types of disputes that arise in naming a child. The first type is an initial naming dispute where the child's parents never reached an agreement on the child's surname and seek to have the issue resolved for the first time after the child is born and has been named by one parent without the consent of the other parent. *See, e.g., In re A.C.S.*, 171 P.3d 1148, 1150-51 (Alaska 2007). The second type is a general change-of-name dispute where the parents originally agreed upon a surname for the child, but one parent later seeks to change the child's surname. *See, e.g., Acevedo v. Burley*, 994 P.2d 389, 390 (Alaska 1999); *Schroeder v. Broadfoot*, 790 A.2d 773, 781 (Md. Ct. Spec. App. 2002).

We previously addressed the general change-of-name dispute in *Magiera v. Luera*, 106 Nev. 775, 802 P.2d 6 (1990). In that case, a child was born to an unmarried couple, but the father acknowledged his paternity and signed the birth certificate listing the mother's surname as the child's agreed-upon surname. *Id.* at 776, 802 P.2d at 7. Four years later, during child support proceedings, the father urged the district court

to change the child's surname to his surname. *Id.* The district court ordered the child's surname changed to the father's surname after determining that, since the father was making child support payments, he was entitled to have the child bear his surname. *Id.* at 777, 802 P.2d at 7. This court reversed the district court's order, holding that the child's best interest is the only relevant factor in deciding the child's surname and that "the burden is on the party seeking the name change to prove, by clear and compelling evidence, that the substantial welfare of the child necessitates a name change." *Id.*

Petit argues that this court should apply *Magiera*'s clear and compelling standard of proof in all child-name-change cases. Adrianzen argues that *Magiera*'s clear and compelling standard of proof is inapplicable here because he and Petit were married at the time their child was born, and the couple never agreed on the child's surname.

This is an issue of first impression in Nevada, as this court has not previously established the standard of proof for initial naming dispute cases. However, several jurisdictions apply a best interest of the child standard in such instances, with no burden on or presumptive advantage to either party. *See In re A.C.S.*, 171 P.3d at 1150-51; *In re Marriage of Schiffman*, 620 P.2d 579, 583 (Cal. 1980); *Schroeder*, 790 A.2d at 783-84; *Cohee v. Cohee*, 317 N.W.2d 381, 384 (Neb. 1982); *Brooks v. Willie*, 458 N.Y.S.2d 860, 862 (N.Y. Fam. Ct. 1983).

Similar to the facts of this case, in *Keegan v. Gudahl*, the child's parents were married at the time of birth but the mother gave the child her surname. 525 N.W.2d 695, 695 (S.D. 1994). The mother instituted divorce proceedings two months after the child was born, during which the father contended the child's surname should be changed to his

surname. *Id.* at 696. The trial judge agreed, reasoning that a child born during marriage traditionally takes the father's surname, and ordered that the child's surname be changed without considering the child's best interest. *Id.* The Supreme Court of South Dakota reversed, holding that the trial court should determine a child's surname based on best interest considerations:

> "[T]he mother does not have the absolute right to name the child because of custody due to birth." As a result, the mother "should gain no advantage from her unilateral act in naming the child." Likewise, the custom of giving a child the father's surname should not serve to give father an advantage. Only the child's best interest should be considered by the court.

*Id.* at 700 (quoting *In re Quirk*, 504 N.W.2d 879, 882 (Iowa 1993) (Carter, J., concurring) (citations omitted)).

We find the reasoning of the *Keegan* court persuasive. Neither parent should automatically have an advantage in determining a child's surname at birth. Rather, the sole concern should be the best interests of the child, and we reaffirm our holding in *Magiera* in this regard. *See Magiera*, 106 Nev. at 777, 802 P.2d at 7 ("[T]he only factor relevant to the determination of what surname a child should bear is the best interest of the child."). Unlike the change-of-name case in *Magiera*, however, the parties in an initial naming dispute appear before the court on equal footing, and accordingly, neither party bears the burden of proof. *See In re A.C.S.*, 171 P.3d at 1151-52 (remanding an initial child surnaming dispute for consideration of the child's best interest unweighted by burden of proof considerations). Instead, the district court must determine the child's surname based only on considerations of the child's best interest. *See Rivero v. Rivero*, 125 Nev. 410, 421, 216 P.3d 213, 221-22 (2009) (stating

SUPREME COURT
OF
NEVADA

(O) 1947A

5

that parents with joint legal custody may appear before the court on equal footing for the court to decide the child's best interest).

Several jurisdictions[3] have established a nonexhaustive list of factors for courts to consider when determining a child's best interest in an initial naming dispute case:

> (1) the length of time that the child has used his or her current name; (2) the name by which the child has customarily been called; (3) whether a name change will cause insecurity or identity confusion; (4) the potential impact of the requested name change on the child's relationship with each parent; (5) the motivations of the parties in seeking a name change; (6) the identification of the child with a particular family unit, giving proper weight to stepparents, stepsiblings, and half-siblings who comprise that unit; and (7) any embarrassment, discomfort, or inconvenience that may result if the child's surname differs from that of the custodial parent.

57 Am. Jur. 2d *Name* § 14 (2012).

Because we believe this list of factors will assist our district courts when determining the best interests of the child in initial naming dispute cases, we adopt this nonexhaustive list of factors for utilization by the courts. We further determine that cultural considerations should be

---

[3]*See, e.g., In re A.C.S.*, 171 P.3d 1148, 1152-53 (Alaska 2007); *In re Marriage of Schiffman*, 620 P.2d 579, 583 (Cal. 1980); *Montgomery v. Wells*, 708 N.W.2d 704, 708-09 (Iowa Ct. App. 2005); *Cohee v. Cohee*, 317 N.W.2d 381, 384 (Neb. 1982); *Bobo v. Jewell*, 528 N.E.2d 180, 185 (Ohio 1988); *Doherty v. Wizner*, 150 P.3d 456, 461-62 (Or. Ct. App. 2006); *Keegan v. Gudahl*, 525 N.W.2d 695, 699 (S.D. 1994); *see also In re H.S.B.*, 401 S.W.3d 77, 84-85 (Tex. App. 2011) (rejecting certain factors that "inappropriately shift the inquiry to the parents' interests").

added to this nonexhaustive list of factors for district courts to contemplate when making a determination. *See Doherty v. Wizner*, 150 P.3d 456, 466 (Or. Ct. App. 2006 ) (noting that surnames "serve[ ] as a link to a person's family heritage and ethnic identity"). In reaching its determination as to the best interests of the child in an initial naming dispute case between married parents, the district court must explicitly state whether it found any of these factors relevant.

We view the matter before us now as an initial naming dispute case. Even before their child was born, the parties disagreed as to the child's surname. At the time of their child's birth, Petit and Adrianzen were married, but apparently estranged, and Petit gave the child her surname. Adrianzen raised the surname issue in the divorce action he filed within two months of the child's birth. There was no agreement or acquiescence to Petit's unilateral decision to give their child her last name.

Although the district court did not have the benefit of the list of factors we adopt in this opinion, the court did evaluate the best interests of the child, and its determination was based on several of the factors we now adopt. For instance, the district court considered "the length of time the child" used his current surname, which also addresses whether the name change would "cause insecurity or identity confusion." 57 Am. Jur. 2d *Name* § 14 (2012). The court further noted that Adrianzen filed the action to change the child's surname within two months of birth. The court also considered the "potential impact of the requested name change on the child's relationship with each parent," *id.*, noting that the hyphenated name would allow the child to identify with both parents. Further, Adrianzen testified that in many Hispanic families children have hyphenated last names. Therefore, we conclude that the district court did

not abuse its discretion in determining that it was in the best interest of the child to change the child's surname, and we affirm the district court's order.

_____, J.
Hardesty

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A