**In the Matter of the Petition of D.K.W., Jr., Petitioner–Appellant,**

v.

**J.L.B., Respondent–Appellee.**

**In the Interest of S.P.B., a minor child.**

**No. 90CA0138.**

Colorado Court of Appeals, Div. IV.

Nov. 8, 1990.

Rehearing Denied Dec. 6, 1990.

Certiorari Denied April 8, 1991.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Richard V. Lohman, Catherine Woelk–Rudisill, Colorado Springs, for petitioner-appellant.

John D. Braun, Colorado Springs, for respondent-appellee.

Opinion by Judge DAVIDSON.

Petitioner, D.K.W. (the father) and respondent, J.L.B. (the mother) are the natural parents of a child born out of wedlock. In proceedings brought pursuant to the Uniform Parentage Act, § 19–4–101, et seq., C.R.S. (1990 Cum.Supp.) (UPA), the parties stipulated to the father's paternity and to joint custody whereby the mother, who lives in Colorado Springs, would be the primary residential parent and the father, who lives in North Carolina, would have liberal visitation. At the time of entry of the orders, the father moved to have the child's surname, which had been the mother's since birth, changed to his. Pursuant to the stipulation of the parties, the referee considered the issue without further hearing and denied the motion. That order and the referee's findings were upheld by the trial court, and the father appeals. We affirm.

## I.

As a threshold matter, we disagree with the mother's contention that the trial court lacked subject matter jurisdiction to consider the request for the change of name. The request was made during proceedings under the UPA, which provides, in pertinent part, that "the judgment or order [in determining the existence or nonexistence of the parent and child relationship] may contain ... any other matter in the best interests of the child." Section 19–4–116(3) C.R.S. (1990 Cum.Supp). We interpret this plain language as a grant of broad authority which includes a change of name of a minor child if it is in his or her best interests. *See People in Interest of L.W.,*

756 P.2d 392 (Colo.App.1988) (trial court has jurisdiction under UPA to award child support arrearages although not specifically authorized); *Bobo v. Jewell,* 38 Ohio St.3d 330, 528 N.E.2d 180 (1988) (court has jurisdiction to decide surname change of child under parallel section in Ohio Parentage statute).

## II.

The father contends that the trial court erred in determining that it would be in the child's best interests to retain the mother's surname. We disagree.

Although no Colorado appellate decision has determined which factors should apply to determine whether a name change is in the best interests of a child under the UPA, this issue has been addressed in other situations. *See Hamman v. County Court,* 753 P.2d 743 (Colo.1988) (divorced parent's request for name change pursuant to § 13–15–101); *In re Marriage of Nguyen,* 684 P.2d 258 (Colo.App.1983), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 785, 83 L.Ed.2d 779 (1985) (request for change of minor child's surname under common law).

■ Although these other laws which allow name changes vary in language and purpose from the UPA, we see no reason not to apply these same factors to a name change request under that act, particularly because the ultimate consideration remains the child's best interests in any case. Accordingly, the court should consider the length of time the child has used the surname, the potential impact of the requested name change on the child's relationship with each parent, the child's preference, and any misconduct by a parent which would justify a name change. *Hamman v. County Court, supra; see In re Marriage of Nguyen, supra.*

■ In addition, we agree with other courts that have dealt with this issue that the motivation of the parties, the identification of the child as part of a family unit, the embarrassment, discomfort, or inconvenience that may result if the child's surname differs from that of the custodial parent, and the possibility that a different name may cause insecurity or lack of identity are also factors that should be considered. *Bobo v. Jewell, supra; In re Marriage of Schiffman,* 23 Cal.3d 640, 620 P.2d 579, 169 Cal.Rptr. 918 (1980); *Hamby v. Jacobson,* 769 P.2d 273 (Utah App.1989); *In re Marriage of Omelson,* 112 Ill.App.3d 725, 68 Ill.Dec. 307, 445 N.E.2d 951 (1983).

■ Whether a requested name change is in the best interests of a minor child is a factual determination for the trial court. *Hamman, supra.* But, when, as here, the facts are presented by stipulations, affidavits, and other documentary material, we may draw our own conclusions from the evidence. *Warner v. Baker,* 693 P.2d 385 (Colo.App.1984).

■ Here, it was essentially undisputed that the mother's extended family lives nearby in Colorado Springs and other areas of Colorado whereas the father and his family live in North Carolina. Because of this significant geographical separation and the child's infancy, the child spends most of his time in the mother's environment. Based on these facts, the mother argues that retaining her surname would help the child identify as part of a family unit, and would enhance his feeling of security and well-being. The father, on the other hand, presented evidence that without the name change the geographical distance would impair his relationship with his child.

The trial court agreed with the mother and rejected the father's argument that the only way to preserve his relationship with the child would be to have the child carry his name. The court found that the liberal custody and visitation arrangements agreed to by the parties allowed the father numerous other ways to enhance his relationship with his child.

On the record before us, it is apparent that the trial court considered and weighed all of the appropriate factors in determining that the requested name change was not in the child's best interests. Based upon the undisputed facts, and considering the other facts before the trial court, we cannot say as a matter of law that it

abused its discretion. *See Hamman, supra.*

Therefore, the judgment is affirmed.

CRISWELL and MARQUEZ, JJ., concur.