**Leandra Lynn JAMES, Appellant,**

v.

**Jon Terry HOPMANN, Jr., Appellee.**

No. 83692.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 8, 1995.

Certiorari Denied Nov. 29, 1995.

J. David Rambo and Lauren LeBlanc Day, Norman, for Appellant.

M. Ellen Feaver, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

In this appeal Leandra Lynn James posits the trial court erred in denying her motion for new trial on the issue of change of name of her minor child under the authority of 10 O.S.1991 § 90.4.[1] This action began when Appellant sought a determination of the paternity of her newborn daughter, then one day less that two months old, custody with limited visitation, and child support. The putative father asked for a blood test and standard visitation. At the hearing on the matter, the parties stipulated that the test results established paternity and the father sought a name change for the child to his surname. The court found paternity, ordered custody in the mother, visitation rights to the father and ordered him to pay child support. Additionally, the court also found that it would be in the best interests of the child for the child to bear the father's surname.

After judgment was rendered, the mother requested a new trial on the issue of the name change, and that motion was denied. The court then entertained a motion by the mother to assess attorney fees as the prevailing party, and so did the father. In this hearing all issues were stipulated to except who would pay the fees. The court ruled each party would bear their own attorney fees. An amended petition in error raised the attorney fee issue. On appeal the only two issues briefed are error in assessing attorney's fees and error in determining that the best interest of the child was served by the ordered name change. Other issues raised in the motion for new trial but not addressed on appeal are waived. *Shadid v. American Druggist Fire Ins. Co.*, 386 P.2d 311 (Okla.1963).

Both parties concede that in this appeal from the trial court's decision applying 10 O.S. § 90.4, the standard of review is abuse of discretion in ruling the child's best interests were served by granting Appellee's request that the child bear his surname. This is consistent with other areas of domestic relations law in which the lower court's determination will not be disturbed upon review unless it is contrary to the law, against the clear weight of the evidence or an abuse of discretion. *Randol v. Randol*, 849 P.2d 1118 (Okla.App.1993). The concept of abuse of discretion is correctly attached to a judgment which is clearly erroneous and against all reason and evidence. *Abel v. Tisdale* 619 P.2d 608 (Okla.1980).

Appellant's first argument is that the name change was improper because there was no evidence of best interest. This argument begins however with a discussion of general points of law from other jurisdictions. The first of these is that giving greater weight to the potential choice of the pater-

---

1. The statute in its entirety, reads:

A. At any time after a determination of paternity, the mother, father, custodian or guardian of the child may file a motion requesting the court to order that the surname of the child be changed to the surname of its father. The court shall thereafter set a hearing on said motion. Notice of the filing of the motion and the date of the hearing shall be served by process on all parties.

B. If, after said hearing, the judge finds that it is in the best interest of the child to bear the paternal surname, the court shall enter an order to that effect which shall include findings of fact as to each issue raised by the parties.

C. The practice, pleading, and proceedings as set forth in this section shall conform to the applicable rules prescribed by the Code of Civil Procedure.

nal surname in instances where the child is born out of wedlock could implicate equal protection guarantees.[2] Secondly, neither custom nor common law recognized a father's right to have non-marital children bear his name. Oklahoma does, however, have a statute which states that statutes in derogation of the common law are to be construed liberally. Insofar as the statute allows the trial court to assign surnames in the child's best interest and that process is contrary to the common law, 25 O.S.1991 § 29 requires a liberal, not restrictive, interpretation to be given to the statute. Appellant states the provision of financial assistance and recognition of parentage does not raise a presumption favoring the use of the father's name.[3]

The Appellant also lists factors which the trial court should consider in this decision as shown by other jurisdictions. Appellee also lists the same factors which should be considered by the trial judge. The first group of these are: identification of the child as a part of a family unit;[4] the effect on the child's relationship with each parent;[5] the motivation of the parties;[6] the effect of the failure to change the name will have in furthering the estrangement of the child from a father exhibiting a desire to preserve the parental relationship;[7] the age of the child and how long the child has had the current name;[8] the effect of the change of the child's surname on the preservation and the development of the child's relationship with each parent;[9] and, the degree of community respect associated with the present and proposed surname.[10] Of the considerations listed as proper by both parties, the preceding group appears applicable to a child as young as two months, and the next, or second group appear to be less applicable in situations with a child as young as that in the case at bar. The second group includes: the possibility that a different name may cause insecurity or lack of identity;[11] the use of a particular surname for a substantial period of time without objection;[12] the preference of the child;[13] difficulty the child may experience with the proposed surname;[14] embarrassment or inconvenience that may result if the child's surname differs from that of the custodial parent.[15]

■■■ This trial court decision need not be fettered at trial, or rebuked at the appellate stage, by an exclusive list of considerations to be utilized on the trial bench. Here, as in so many places, the trial court is vested with wide discretion and that a trial court decision is made in the actual presence of the fact finder and with the benefit of live testimony. The State has codified the finding needed for a name change and the trial judge is entitled to rule on the statutorily necessary showing of best interests in the first instance using her legal discretion, circumscribed only by the appellate standard of review, assuming inappropriate consider-

---

2. *Pizziconi v. Yarbrough*, 177 Ariz. 422, 868 P.2d 1005 (App.1993), *review denied*.

3. *Barabas v. Rogers*, 868 S.W.2d 283 (Tenn.App. 1993). As Appellant notes, this case contains an interesting thumbnail sketch of the history of surnames.

4. *D.R.S. v. R.S.H.* 412 Ne.2d 1257 (Ind.App. 1980).

5. *D.K.W. v. J.L.B.* 807 P.2d 1222 (Colo.App. 1990), *cert. denied*.

6. *D.K.W., supra*.

7. *Mark v. Kahn*, 333 Mass. 517, 131 N.E.2d 758, 53 A.L.R.2d 908 (1956).

8. *In re Iverson*, 241 Mont. 140, 786 P.2d 1 (Mont. 1990). This case also lists as a factor the existence of siblings and their surnames.

9. *Barabas v. Rogers*, 868 S.W.2d 283 (Tenn.App. 1993).

10. *Barabas, supra*.

11. *D.K.W., supra*.

12. *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988), *D.K.W., supra*.

13. *Bobo, supra*.

14. *Daves v. Nastos*, 105 Wash.2d 24, 711 P.2d 314 (1985).

15. *In re Lone*, 134 N.J.Super. 213, 338 A.2d 883 (1975). Traditionally a child bore the mother's name when it was not born in wedlock, which could be viewed as rendering the effect of this consideration, indeterminate at best. Given the current condition of society it may be that difference of last names as a source of embarrassment is declining.

ations are not relied on in fashioning relief. It is appropriate to state here this Court finds no justification for giving greater weight to the father's surname, nor do we think that meeting the support obligations of a parent is grounds for a presumption in favor of the father. Indeed, properly considered, the custom of giving a child the father's surname should not serve to give him an advantage in the selection of the child's name any more than custody by virtue of birth gives the mother an absolute right to name the child. *Keegan v. Gudahl,* 525 N.W.2d 695 (S.D.1994).

The evidence the judge relied on in fashioning her ruling is, thankfully, rather uneventful insofar as negative information. Both sets of grandparents are described as loving and attentive, eager to develop a relationship with the child. Evidence supports the same conclusion for the parents. It is proper to say in this cause that the child is surrounded by an extended maternal and paternal family ready to accept and nurture this child. Most of the evidence presented the trial court here presents, to the appellate reader of the transcript, a typical set of facts which might be brought out in a case such as this.[16] This court can discern no discriminatory criteria used by the trial judge in making her decision. In the end, then, it cannot be said that the trial court abused its discretion in ruling that the child should take the name of the father. This is a quintessential trial court ruling with which appellate courts might or might not make if sitting as a trial court, but cannot rule on appeal that the trial court has abused its discretion.

■ The second point of error raised here is the contention that the trial court erred in holding the parties should bear their own attorney's fees. Appellee asserts only that the statute should be narrowly construed and not applied where the father is not recalcitrant about assuming his duties as a parent. Title 10 O.S.1991 § 89.3 specifies that the successful party in a paternity action **shall** be allowed reasonable costs and attorney fees to be set by the court.

■ This court is committed to the fact that the word "shall" connotes a mandatory duty when it is utilized in a statute. *Schaeffer v. Shaeffer,* 743 P.2d 1038, 1040 (Okla. 1987); when a contrary legislative intent is not plainly apparent, *Citicorp Savings and Trust Company v. Banking Board,* 704 P.2d 490, 493 (Okla.1985). Indeed, this rule has been specifically applied to paternity cases. *Department of Human Services ex rel McBride v. Perkins,* 893 P.2d 1019 (Okla. App.1995). Accordingly the trial court erred in not assessing attorney fees against the Appellee. Additionally, the Appellant is entitled to appellate fees to be set by the court on remand under the authority of *Sisney v. Smalley,* 690 P.2d 1048 (Okla.1984), as they were timely requested under 12 O.S.Supp. 1993 § 696.4(C). It is noted that the name change statute contains no similar provision for attorneys fees, therefore the Appellant was the successful party on the only issue for which fees can be awarded.

The judgment of the trial court is affirmed in all respects except the attorney fee award is reversed and the cause is remanded with directions to award the Appellant fees and costs.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.

GARRETT, C.J., and JOPLIN, J., concur.

---

**16.** When the child is lucky enough to be surrounded by attentive and appreciative family members.