Diana L. HAZEL, Appellant,

v.

Robert Joseph WELLS, Appellee.

No. 94–CA–002842–MR.

Court of Appeals of Kentucky.

March 8, 1996.

As Modified March 22, 1996.

James O. Risch, Brown, Benson & Byrne, LLP, Louisville, for appellant.

Bernard G. Watts, Louisville, for appellee.

Before HUDDLESTON, KNOPF and MILLER, JJ.

HUDDLESTON, Judge.

This appeal involves a dispute over the surname of a child born out of wedlock. The facts are undisputed. In 1993, a child was born as a result of the union of Diana Hazel and Robert Wells. At birth, the mother chose to give the child her surname (Hazel). Shortly after the child's birth, Wells filed a petition in Jefferson Family Court to establish paternity and to have the child's surname changed to Wells. While the parties agreed to paternity, joint custody and support, they were unable to agree on the child's surname. Citing Ky.Rev.Stat. (KRS) 213.046,[1] Jefferson Family Court ordered the mother to change the child's surname to Wells. In its order denying Hazel's motion to reconsider its ruling, the trial court indicated that "the law is unclear as to which parent should be allowed to determine [the child's] surname" when the parents have joint custody. Hazel appeals from the order mandating the name change.

When a child is born out of wedlock, KRS 213.046(8) governs the required registration of its birth. The statute provides:

The following provisions shall apply if the mother was not married at the time of either conception or birth or between conception and birth or the marital relationship between the mother and her husband has been interrupted for more than ten (10) months prior to the birth of the child:

(a) The name of the father shall not be entered on the certificate of birth. The state registrar shall upon acknowledgment of paternity by the father and with the consent of the mother pursuant to KRS 213.121, enter the father's name on the certificate. The surname of the child shall be any name chosen by the mother and father. If there is no agreement, the child's surname shall be determined by the parent with legal custody of the child.

(b) If an affidavit of paternity has been properly completed and the certificate of birth has been filed accordingly, any further modification of the birth certificate regarding the paternity of the child shall require an order from the District Court.

(c) In any case in which paternity of a child is determined by a court order, the name of the father and surname of the

---

1. The Order apparently mistakenly cites Ky.Rev. Stat. (KRS) 213.046(7), the subsection that applies when the mother is married, but correctly quotes KRS 213.046(8), the subsection that applies when the mother is not married. While subsection (8) was originally subsection (7), it has been subsection (8) since KRS 213.046 was amended in 1992, nearly two years before this child was born.

child shall be entered on the certificate of birth in accordance with the finding and order of the court.

(d) In all other cases, the surname of the child shall be any name chosen by the mother.

Quoting KRS 213.046(8)(a), the trial court ordered Hazel to change the child's surname from that of the mother to that of the father. Arguing that the governing subsection under these facts is KRS 213.046(8)(d), Hazel contends that the court misapplied KRS 213.046(8)(a). Wells, on the other hand, maintains that KRS 213.046(8)(c) mandates that the child bear his surname. Thus, we must determine which provision of KRS 213.046(8) governs the choice of this child's surname.

■■■■ We agree with Hazel that the trial court erroneously applied KRS 213.046(8)(a). While the mother in this case consented to the "acknowledgment of paternity by the father," the mother and father have not been able to agree upon the child's surname. KRS 213.046(8)(a) instructs that "the child's surname shall be determined by the parent with legal custody of the child" when the parents are unable to agree. Though Hazel has physical custody of the child, the parents have agreed to joint custody. "Joint custody recognizes that, although one parent may have primary physical possession of the child, both parents share the decision making in major areas concerning the child's upbringing...." *Chalupa v. Chalupa*, Ky.App., 830 S.W.2d 391, 393 (1992). Choosing a child's surname is certainly a major decision that must be shared under a joint custody agreement.[2] Since the parents have joint custody and are unable to agree on the child's surname, KRS 213.046(8)(a) is of no assistance in this case.

■■■ While we agree with Wells that KRS 213.046(8)(c) is applicable,[3] we do not construe that subsection to mandate that the child be given the surname of the declared father. Requiring only that "the name of the

father and surname of the child [be] entered on the certificate of birth" when such issues have been "determined by a court order," this subsection does not provide any guidance for determining *what* surname the child should be given. The provision simply implies that the court order should state what surname the child will bear and that the determined surname should be "entered on the certificate of birth." *Id.*

Here, the trial court explained its determination that this child should bear her father's surname by stating:

> The parties have joint custody of their only child ... and the law is unclear as to which parent should be allowed to determine [her] surname. *While it may appear gender biased, our society has traditionally had children carry the surnames of their fathers. Because the Court has no clear-cut answer to this question, it will require Ms. Hazel to follow societal norms and change [the child's] surname to Wells.* (Emphasis supplied.)

■■■ While it is true that the courts of this state have not heretofore addressed this issue, we now join other jurisdictions in rejecting the approach taken by the trial court. *See James v. Hopmann*, 907 P.2d 1098, 1101 (Okla.Ct.App.1995); *Keegan v. Gudahl*, 525 N.W.2d 695, 698 (S.D.1994). "[T]he custom of giving a child the father's surname should not serve to give him an advantage in the selection of the child's name...." *James*, 907 P.2d at 1101; *Keegan*, 525 N.W.2d at 698. We agree with the Nevada Supreme Court that "[t]he father has no greater right than the mother to have a child bear his surname. Instead, the only factor relevant to the determination of what surname a child should bear is the best interest of the child." (Citations omitted.) (Emphasis supplied.) *Magiera v. Luera*, 106 Nev. 775, 776, 802 P.2d 6, 7 (1990). *See also Laks v. Laks*, 25 Ariz.App. 58, 61, 540 P.2d 1277, 1280 (1975); *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988); *James*, 907 P.2d at 1098; *Kee-*

---

**2.** By generally requiring an agreement of the parents, KRS 213.046(8)(a) recognizes the significance of choosing a child's surname.

**3.** Since this appeal arises from a court order concerning paternity, KRS 213.046(8)(c) applies. The fact that the court's determination is based upon an acknowledgment of paternity does not affect the applicability of this subsection.

*gan,* 525 N.W.2d at 695. When relevant, the following factors should be considered in evaluating the best interest of the child:

> [I]dentification of the child as a part of a family unit; the effect on the child's relationship with each parent; the motivation of the parties; the effect ... the failure to change the name will have in furthering the estrangement of the child from a father exhibiting a desire to preserve the parental relationship; the age of the child and how long the child has had the current name; the effect of the change of the child's surname on the preservation and development of the child's relationship with each parent; ... the degree of community respect associated with the present and proposed surname[;] ... the possibility that a different name may cause insecurity or lack of identity; [4] the use of a particular surname for a substantial period of time without objection; the preference of the child [if age and maturity permit]; difficulty the child may experience with the proposed surname; [and] embarrassment or inconvenience that may result if the child's surname differs from that of the custodial parent. (Citations omitted.)

*James,* 907 P.2d at 1100. *See also Bobo,* 38 Ohio St.3d at 334, 528 N.E.2d at 184. Additional factors, suggested by the Supreme Court of South Dakota, include parental misconduct and "failure to support the child." *Keegan,* 525 N.W.2d at 699.

To interpret KRS 213.046(8)(c) as requiring a child born out of wedlock to bear the surname of the declared father,[5] without consideration of the child's best interest, would result in a violation of the Equal Protection Clause. *See Roe v. Conn,* 417 F.Supp. 769, 782 (M.D.Ala., N.D.1976) (holding "that there is no rational basis for [a] policy of giving ... the declared father complete control over the child's name"). "In these times of parental equality, arguing that the child of unmarried parents should bear the parental surname based on custom is another way of arguing that it is permissible to discriminate because the discrimination has endured for many years." *Bobo,* 38 Ohio St.3d at 334, 528 N.E.2d at 185.

As the trial court did not make any findings concerning the best interest of the child, the order directing that the child shall bear its father's surname is reversed and this case is remanded to Jefferson Family Court for an evaluation of this child's best interest. If necessary, the court may allow additional proof so that the best interest of the child may be determined from a preponderance of the evidence. "*Only* the child's best interest should be considered ... on remand." (Emphasis supplied.) *Keegan,* 525 N.W.2d at 700.

All concur.

---

4. We recognize that "[s]urnames give an individual a personal identity and selfawareness (sic)." *Roe v. Conn,* 417 F.Supp. 769, 782 (M.D.Ala., N.D.1976). "When a child bears a surname different from the surname of the parent with whom the child lives, the child may experience confusion about her identity, difficulties in school and society, and embarrassment among friends."

*Magiera v. Luera,* 106 Nev. 775, 778, 802 P.2d 6, 8 (1990).

5. A presumption "that the child's best interest will be served by ... bearing the name of the declared father ... is not necessarily or universally true." *Roe,* 417 F.Supp. at 782.