189 P.3d 745 (2008)
2008 OK CIV APP 56
In the Matter of Child M.J.T.:
Steven Allen Golden, Petitioner/Appellee,
v.
Jennifer Thompson, Respondent/Appellant.
No. 104,049. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
June 4, 2008.
*746 Ronald B. Stockwell, Stockwell & Connor, P.L.L.C., Miami, OK, for Petitioner/Appellee.
Kathryn Ross-Speers, Miami, OK, for Respondent/Appellant.

OPINION
ADAMS, Presiding Judge:
¶ 1 Petitioner Steven Golden (Father) filed this action to establish paternity and to change the surname of the minor child born to Respondent Jennifer Thompson (Mother). After the parties stipulated that Father is the biological father of the minor child, who at that time was fifteen months of age, the issues of child support, visitation, and change of the child's surname were heard by the trial court. The trial court granted Mother custody subject to Father's visitation rights, ordered him to pay child support to Mother, and further ordered that the minor child's surname be changed from Thompson to Golden. Mother's appeal from that order concerns only the trial court's name change ruling, which she argues was an abuse of discretion. We agree and affirm the order after modification to delete the name change.
¶ 2 The issue here is controlled by the language contained in 10 O.S.2001 § 90.4(A) and (B), which provide:
A. At any time after a determination of paternity, the mother, father, custodian or guardian of the child may file a motion requesting the court to order that the surname of the child be changed to the surname of its father. The court shall thereafter set a hearing on said motion. Notice of the filing of the motion and the date of the hearing shall be served by process on all parties.
B. If, after said hearing, the judge finds that it is in the best interest of the child to bear the paternal surname, the court shall enter an order to that effect which shall include findings of fact as to each issue raised by the parties. (Emphasis added.)
¶ 3 In a § 90.4 action to change a child's name to the paternal surname, the trial court is vested with wide discretion and judgments entered therein will not be reversed absent an abuse of discretion. James v. Hopmann, 1995 OK CIV APP 105, 907 P.2d 1098. An abuse of discretion occurs when a court bases its decision on an erroneous *747 conclusion of law or where there is no rational basis in evidence for the ruling. Christian v. Gray, 2003 OK 10, 65 P.3d 591.
¶ 4 Both parties rely on James for their arguments. However, neither party properly interprets its holding. Contrary to Mother's assertion, and Father's less emphatic agreement, the factors listed in James, which were only mentioned by the Court in identifying the factors used by courts in other states which the parties had identified in their briefs and suggested should be applied in that case, were not offered as an exhaustive list of factors for a trial court to consider or even a list which the trial court was required to consider.
¶ 5 To the contrary, the Court concluded:
This trial court decision need not be fettered at trial, or rebuked at the appellate stage, by an exclusive list of considerations to be utilized on the trial bench. Here, as in so many places, the trial court is vested with wide discretion and that a trial court decision is made in the actual presence of the fact finder and with the benefit of live testimony. The State has codified the finding needed for a name change and the trial judge is entitled to rule on the statutorily necessary showing of best interests in the first instance using her legal discretion, circumscribed only by the appellate standard of review, assuming inappropriate considerations are not relied on in fashioning relief.

James, 1995 OK CIV APP 105, ¶ 6, 907 P.2d at 1100-1101. (Emphasis added.) However, James did conclude that "giving greater weight to the father's surname" or a presumption in favor of father for "meeting the support obligations of a parent," was inappropriate. 1995 OK CIV APP 105, ¶ 6, 907 P.2d at 1101.
¶ 6 We agree. This case is a perfect example of the fallacy of contrary reasoning. Based upon this record, it appears Father, at least once the child was born, faithfully assumed and fulfilled his responsibility of contributing to the material support of this child and attempted to establish and maintain a relationship with his son. The same record establishes that Mother fulfilled her part of parental responsibility. She carried this child, gave birth to him, cares daily for him and provides material support for him in her own right. As recognized in James, neither parent is entitled to have the child bear his or her surname simply because that parent is fulfilling parental responsibilities.
¶ 7 It appears on this record that the trial court based its decision on such an inappropriate factor or presumption. The emphasized language in § 90.4(B) requires the trial court to find that giving the child the father's surname is in the child's best interest and make findings of fact as to each of the issues raised by the parties. The trial court's written order neither expressly finds that it is in the best interest of the child to bear the paternal surname nor includes any findings of facts. Unwilling as we are to assume the trial court intended to disregard the mandatory language of the statute, we look to the trial court's announcement of its ruling to supply the missing findings.
¶ 8 In making its announcement, the trial court did conclude the child's best interest would be served by changing his name but the only stated basis upon which the trial court made that decision, was "you're paying your child support, you're trying to see your child, be a father to your child," referring to Father. Given the statute's requirement for factual findings as to "each" issue, we must assume that the trial court's best interest finding was based only on Father's payment of child support and his attempts to visit and "be a father." Following the reasoning of James, we must conclude the trial court's order is contrary to law because it gave controlling weight to an inappropriate consideration. Under such circumstances, we must render the judgment the trial court should have rendered. Dixon v. Bhuiyan, 2000 OK 56, 10 P.3d 888.
¶ 9 Therefore we consider the evidence. Father asserted at trial that he had a right to have his son carry his surname, but cited no authority in the trial court or on appeal to support that claim. He offered no evidence demonstrating how the child's "best interest" would be served by changing his name. When asked for the reasons to change the child's name, he responded, "Because *748 he's my only son. He's my first son, and I'd wish for him to carry my name." That wish is certainly of significance to Father, but the record contains no evidence concerning its significance for the child's best interest.
¶ 10 Mother offered evidence that the child will be living in a family unit that bears her surname, with the potential for confusion for the child. Moreover, she offered testimony that the child already recognizes his present surname as part of his name, although this conclusion was questioned by Father's counsel on cross-examination. In addition, Mother presented evidence that Father's surname was associated in their community with an unsavory individual (Father's legal father) with a reputation for essentially abandoning his children and shirking his responsibility to them.
¶ 11 Our consideration includes Father's argument that Mother's desire to prevent the name change is part of an attempt by her to "estrange" his son from Father and his family. This argument, which is based in large part on Mother limiting his visitation to her home because she was still breast feeding the child, lacks support in the record.
¶ 12 Mother's reasons for continuing to breast feed were reasonable, i.e., the child had only been sick once in his fifteen months of life and was not cooperative in taking a bottle or "sippy cup." Moreover, Mother's actions were contrary to any attempt to "estrange." Mother voluntarily permitted frequent visitation by Father, and she and her family made efforts to allow Father time alone with his son. It is undisputed that Mother offered on several occasions to go for visits with Father's family with the child and despite Mother having opened her home to his family for such visits, Father's mother had only seen the child once. Father never identified any occasion where he or any member of his family was prevented from visiting the child at Mother's home.
¶ 13 Based on this record, we cannot conclude that the child's "best interest" would be served by changing his name. Accordingly, the trial court's order is modified to delete the change of the child's name to Golden and is otherwise affirmed as modified.
AFFIRMED AS MODIFIED.
JOPLIN, J., concurs.
CAROL M. HANSEN, Judge, dissenting:
I am not comfortable in reversing a trial court's discretionary ruling in this matter. It is unclear what evidence the majority would expect a father to produce to prove it was in the best interests of his child for him to carry his name. In this respect, the concept of best interests is illusive. I would rely on the trial court's hearing the testimony and observing the witnesses.