OSCN Found Document:REED v. REMMERT

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 REED v. REMMERT
2016 OK CIV APP 65
Case Number: 114477
Decided: 09/19/2016
Mandate Issued: 10/20/2016
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2016 OK CIV APP 65, __ P.3d __

 

KURTIS D. REED, Petitioner/Appellee,
v.
ELIZABETH A. REMMERT, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA

HONORABLE HOWARD R. HARALSON, JUDGE

AFFIRMED

R. Kevin Butler, DENKER & BUTLER, Oklahoma City, Oklahoma, for Petitioner/Appellee
Kathryn A. Herwig, WILLIAMS REENTS DeCARLOS & HERWIG, Tulsa, Oklahoma, for Respondent/Appellant

Bay Mitchell, Judge:

¶1 In this paternity proceeding Respondent/Appellant Elizabeth A. Remmert ("Mother") appeals the trial court's order changing the surname of the minor child, S.H.R. (d.o.b. 1/28/2014)(hereinafter referred to as "S.H.R." or the "minor child") from her last name, Remmert, to that of the minor child's father, Petitioner/Appellee Kurtis D. Reed ("Father").[1] Following our review of the record, the decision of the trial court is AFFIRMED.

¶2 There was some understandable confusion among the parties and trial court about which statute provided the appropriate authority for the name change.[2] Title 10 O.S. §90.4 provides that, in the context of a paternity proceeding after paternity has been determined, the mother or father may file a motion requesting the court to order the surname of the child changed to the surname of the father if it is in the child's best interest. However, 12 O.S. §§1631-1637 provides a separate procedure, with specific notice and publication requirements, for name change. Section 1637 specifically states that "[a]fter May 19, 1953, no natural person in this state may change his or her name except as provided" by this procedure. Several Oklahoma appellate courts have reviewed the use of 10 O.S. §90.4 to change a child's surname in the context of a paternity proceeding and none have questioned whether the name change should instead have been pursued under 12 O.S. §§1631-1637. In re M.J.T., 2008 OK CIV APP 56, 189 P.3d 745; James v. Hopmann, 1995 OK CIV APP 105, 907 P.2d 1098. Accordingly, we conclude the trial court properly ordered Father to pursue the name change pursuant to 10 O.S. §90.4 by requiring him to file a separate motion following the determination of paternity.

¶3 Following the filing of the motion, with appropriate notice and time given for Mother to file a response, the trial court held a hearing on the matter which consisted of the oral argument of each party's counsel. Consistent with prior appellate decisions, the trial court considered the following factors:

1. Identification of the child as a part of a family unit;

2. The effect on the child's relationship with each parent;

3. The motivation of the parties;

4. The effect the failure to change the name will have in furthering the estrangement of the child from a father exhibiting a desire to preserve the parental relationship;

5. The age of the child and how long the child has had the current name;

6. The effect of the change of the child's surname on the preservation and the development of the child's relationship with each parent, and, the degree of community respect associated with the present and proposed surname;

7. The possibility that a different name may cause insecurity or lack of identity;

8. The use of a particular surname for a substantial period of time without objection;

9. The preference of the child;

10. Difficulty the child may experience with the proposed surname;

11. Embarrassment or inconvenience that may result if the child's surname differs from that of the custodial parent. James, 1995 OK CIV APP 105, ¶5 (footnotes omitted).[3]

The trial court issued a written order specifically addressing each of the parties' arguments on these points, and ultimately concluded that changing the child's surname to that of Father was in the child's best interests. We note particularly that the trial court considered that both parents wanted the minor child to share his or her respective last name for purposes of identifying with extended family. Relatedly, the trial court's written order noted that Mother was married, her husband's last name was not Remmert, and Mother had another child whose father was not her husband or Appellee and who had a different last name from her. Additionally, the trial court found that the minor child was not old enough to express a preference regarding his last name.

¶4 In reviewing the trial court's decision applying 10 O.S. §90.4 determining the child's best interests were served by granting the requested name change, the standard of review is abuse of discretion. James, 1995 OK CIV APP 105, ¶3. An abuse of discretion is a judgment which is clearly erroneous and against all reason and evidence. Id., citing Abel v. Tisdale 619 P.2d 608 (Okla. 1980). Similar to the James case, the evidence and argument presented to the trial court here:

[P]resents, to the appellate reader of the transcript, a typical set of facts which might be brought out in a case such as this. This court can discern no discriminatory criteria used by the trial judge in making [his] decision. In the end, then, it cannot be said that the trial court abused its discretion in ruling that the child should take the name of [Father]." Id. at ¶7.

¶5 The trial court's decision to order the child's surname changed to that of Father "is a quintessential trial court ruling with which appellate courts might or might not make if sitting as a trial court, but cannot rule on appeal that the trial court has abused its discretion." Id. The decision of the trial court is AFFIRMED.

BUETTNER, V.C.J., P.J., and GOREE, J., concur.

FOOTNOTES

[1] Mother and Father were never married. Mother is currently married, but her husband's last name is Lee, not Remmert. At the hearing on this matter, Mother maintained that she continues to use her maiden name, Remmert.

[2] We wholly reject Mother's argument that, pursuant to the Uniform Parentage Act 10 O.S. §7700-636(E), because the parties could not agree on the name change that there was no authority for the trial court to change the child's surname to Father's surname. Section 7700-636(E) simply provides a mechanism for the child's surname to be changed in the event the parents agree; it does not foreclose a request for the name change in the event the parents do not agree.

[3] No Oklahoma appellate court has stated that these factors are mandatory for the trial court to consider. Rather, they serve as guidelines for the trial court to use when exercising its wide discretion. See James, 1995 OK CIV APP 105, ¶6.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1995 OK CIV APP 105, 907 P.2d 1098, 66 OBJ 3943, James v. Hopmann
Discussed at Length
 2008 OK CIV APP 56, 189 P.3d 745, IN THE MATTER OF CHILD M. J. T.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1980 OK 161, 619 P.2d 608, Abel v. Tisdale
Cited
Title 10. Children
 Cite
Name
Level

 10 O.S. 7700-636, Orders - Assessment of Fees and Costs - Child's Surname - Amended Birth Certificate
Cited
 10 O.S. 90.4, Changing Child's Name to Paternal Surname
Discussed at Length